Andrew E. Smyth (SBN 60030)
Stephen S. Smyth (SBN 248433)
William J. Smyth (SBN 265374)
**SW SMYTH LLP**
4929 Wilshire Blvd, Suite 690
Los Angeles, CA 90010
T: (323) 933-8401
F: (323) 933-6089
office@smythlo.com

Attorneys for Defendant
Anthony Roy Martinez

**FILED & ENTERED**

**JUN 14 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bakchell    DEPUTY CLERK**

**CHANGES MADE BY COURT**

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ANTHONY ROY MARTINEZ<br><br>        Debtor.<br>_____<br><br>MICHAEL C. LIN, TRUSTEE OF THE HELLION TRUST,<br>        Plaintiff,<br>  v.<br><br>ANTHONY ROY MARTINEZ<br><br><br>        Defendant<br>_____ | Chapter 7<br>Bk  No.: **2:16-bk-24931-RK**<br><br>Adv. No.: **2:17-ap-1153-RK**<br><br>**ORDER DENYING SUMMARY JUDGMENT IN PART AND GRANTING IN PART**<br><br>**DATE**: 6/6/2017<br>**TIME**:  3:00 P.M.<br>**PLACE**: Courtroom 1675<br>**255 E. Temple St**<br>**Los Angeles, CA 90012** |

1

ORDER DENYING SUMMARY JUDGMENT IN PART AND GRANTING IN PART

**ORDER DENYING SUMMARY JUDGMENT IN PART AND GRANTING IN PART**

The Motion for Summary Judgment of MICHAEL C. LIN, TRUSTEE OF THE HELLION TRUST came on for hearing at the above noted time and place. Andrew E. Smyth, of the law firm of SW Smyth LLP, appeared for Defendant. No other appearances were made.

Based on the moving papers, including Plaintiff's Separated Statement of Undisputed Facts and Points and Authorities in Support, and the Opposition filed by Defendant and Debtor Anthony Martinez: **IT IS HEREBY ORDERED:**

Plaintiff's motion is **DENIED IN PART AND GRANTED IN PART,** as set forth in the court's tentative ruling posted on the court's website before the hearing as follows:

Deny motion for summary judgment because plaintiff has not shown that there are no genuine issues of material fact and that he is entitled to summary judgment. Plaintiff has not shown that he is entitled to judgment as a matter of law based on the collateral estoppel effect of the stipulated judgment in the state court action in his favor since the stipulation for judgment does not show that defendant admitted the underlying facts for the fraud claim and that thus, the matter was not actually litigated as required for collateral estoppel under California law. See Lucido v. Superior Court, 51 Cal.3d 335, 341 (1990); In re Cantrell, 329 F.3d 1119, 1123 (9th Cir. 2003). Moreover, plaintiff has produced evidence sufficient to show genuine issues of material fact exist for trial as to fraudulent intent on the claim under 11 U.S.C. 523(a)(2)(A). Grant summary adjudication of facts as to facts 1-5, 7, 9, 16, 18, 20 and 21 in plaintiff's statement of unconverted facts, which have been admitted by defendant.

**IT IS SO ORDERED.**

###

Date: June 14, 2017

_____
Robert Kwan
United States Bankruptcy Judge